**Francisco OCAMPO–MANGUIA,
a.k.a. Francisco Ocampo–
Munguia, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–74831.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

Enrique Ramirez, Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

Linda Y. Cheng, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Francisco Ocampo–Manguia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility determinations. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Ocampo–Manguia omitted the fact that he was kidnapped and beaten by guerillas from his first asylum application and from his interview with an asylum officer, *see Zamanov v. Holder,* 649 F.3d 969, 973 (9th Cir.2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility finding."), and the agency reasonably rejected Ocampo–Manguia's explanation for the omission, *see Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Ocampo–Manguia's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

[2] Because Ocampo–Manguia's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to Guatemala, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**